UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marian Durham, # 14803-171, | C/A No. 6:07-3855-MJP-WMC |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| Warden Mary Mitchell, | |
| Respondent. | |

### *Background of this Case*

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2241 by a federal prisoner. Therefore, in the event that a limitations issue arises, the petitioner shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02, pretrial proceedings in this action have been automatically referred to the undersigned United States Magistrate Judge. The petitioner has paid the five-dollar filing fee and has also submitted a motion to proceed *in forma pauperis.*

The petitioner, who is confined at FCI-Coleman, is a federal prisoner serving a "year and a day" for wire fraud. Her conviction was entered in *United States v. Durham*, Criminal No. 3:06-853 (DSC). In the petition, the petitioner raises three grounds: *(1)* she is eligible for transfer to a community correctional center; *(2)* the BOP wrongfully

1

determined that the petitioner, because of her ten-month sentence, did not qualify for furlough or other programs; and *(3)* the petitioner should have been placed in a community correctional center in or near Columbia, South Carolina.

A § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian. See *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *al-Marri v. Rumsfeld*, 360 F.3d 707 (7th Cir.), *cert. denied*, 543 U.S. 809 (2004); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-500 (1973); *Rheuark v. Wade*, 608 F.2d 304, 305 (8th Cir. 1979); and *Cox v. Federal Bureau of Prisons*, 643 F.2d 534, 536 & n. 3 (8th Cir. 1981).

In *Norris v. Georgia*, the petitioner was a North Carolina inmate who sought dismissals of detainers lodged against him by the State of Georgia and the State of Louisiana. The lower court in *Norris* effected service on those two States by mailing copies of the petition to the Attorney General of Georgia and the Attorney General of Louisiana. *Norris v. Georgia*, 357 F. Supp. 1200 (W.D.N.C. 1973). In reversing the decision of the district court, the United States Court of Appeals for the Fourth Circuit stated, "[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'" *Norris v. Georgia*, 522 F.2d at 1009 n. 2.

Under the holding in *Norris v. State of Georgia*, the Warden of FCI-Coleman cannot be reached by service of process issued by the United States District Court for the District of South Carolina. *Billiteri v. United States Board of Parole*, 541 F.2d 938, 948 (2nd Cir.

2

1976).  Moreover, the Warden of FCI-Coleman cannot be served by mail from the District of South Carolina.  *Norris v. State of Georgia*, 522 F.2d at 1009 n. 2.  Since FCI-Coleman is located in the Middle District of Florida, *see* 28 U.S.C. § 89(b), the above-captioned case should be transferred to the United States District Court for the Middle District of Florida.

### *Recommendation*

It is recommended that the above-captioned habeas corpus action be transferred to the United States District Court for the Middle District of Florida pursuant to the holding in *Rumsfeld v. Padilla*, 542 U.S. at 434-35.  The petitioner's attention is directed to the Notice on the next page.

January 23, 2008                                             s/William M. Catoe
Greenville, South Carolina                           United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that she may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).